1

PAGE  OF 1

# CIVIL DOCKET, DISTRICT COURT

CASE NO. B-0185396-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| B-0185396- | MAYER, DAVID W.<br>VS<br>GOLDEN RULE INSURANCE COMPANY | JUHAN, JONATHAN  PLFT<br>NO ATTORNEY AT THIS TIME  DEFT | CONTRACT<br>DISPOSITION DATE | 11/24/2009 |

|  |  |  | JURY FEE | DATE |
|---|---|---|---|---|

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | I CERTIFY THIS AS A TRUE COPY<br>Witness my Hand and Seal of Office<br>DEC 1 1 2009<br>LOLITA RAMOS, DISTRICT CLERK<br>JEFFERSON COUNTY, TEXAS<br>BY_____DEPUTY |  |

**2**

No. B185-396

| | | |
|---|---|---|
| DAVID W. MAYER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TYLER COUNTY, TEXAS |
| | § | |
| GOLDEN RULE INSURANCE COMPANY | § | |
| AND UNITED HEALTHCARE | § | |
| INSURANCE COMPANY | § | 60ᵗʰ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DAVID W. MAYER, Plaintiff herein, and files this Original Petition against

GOLDEN RULE INSURANCE COMPANY AND UNITED HEALTHCARE INSURANCE

COMPANY  and in support thereof would show the following:

### I.

Pursuant to T.R.C.P. 190.1, Plaintiff asserts that this case is to be governed by the Level 3

discovery plan.

### II.

Venue is appropriate in this County pursuant to §15.032 of the Texas Civil Practice and

Remedies Code.

### III.

Plaintiff is a resident of Beaumont, Jefferson County, Texas, and was a resident of Beaumont

Texas, at the time the events making the basis of this lawsuit accrued.

COPY

IV.

Defendant, GOLDEN RULE INSURANCE COMPANY is an insurance company that does business in the State of Texas, and  may be served by serving its registered agent, C.T. Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201 pursuant to V.T.C.A., Insurance Code § 804.101 et.seq., or by sending a copy of the petition by registered or certified mail, return receipt requested, <u>WITH DELIVERY RESTRICTED TO THE ADDRESSEE ONLY</u>, pursuant to Tex.R.Civ.P. 106(a)(2).

**SERVICE IS REQUESTED AT THIS TIME.**

Defendant, UNITED HEALTHCARE INSURANCE COMPANY is an insurance company that does business in the State of Texas, and may be served by serving its registered agent, C.T. Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201 pursuant to V.T.C.A., Insurance Code § 804.101 et.seq., or by sending a copy of the petition by registered or certified mail, return receipt requested, <u>WITH DELIVERY RESTRICTED TO THE ADDRESSEE ONLY</u>, pursuant to Tex.R.Civ.P. 106(a)(2).

**SERVICE IS REQUESTED AT THIS TIME.**

V.

All conditions precedent to any recovery herein have been performed or have occurred.

VI.

It has become necessary to bring this suit due to the failure of GOLDEN RULE INSURANCE COMPANY AND UNITED HEALTHCARE INSURANCE COMPANY to honor



its obligations to Plaintiff.  Plaintiff is a beneficiary of a health insurance contract with GOLDEN

RULE INSURANCE COMPANY AND UNITED HEALTHCARE INSURANCE COMPANY,

identification  number: 058535580, (hereinafter referred to as "the policy").  The policy provides

health/medical benefits to Plaintiff.  The policy is legally obligated to pay Plaintiff benefits pursuant

to the terms of the policy.    GOLDEN RULE INSURANCE COMPANY AND UNITED

HEALTHCARE INSURANCE COMPANY, as insurer, agreed to pay these benefits.    GOLDEN

RULE INSURANCE COMPANY AND UNITED HEALTHCARE INSURANCE COMPANY

breached its obligations to Plaintiff under the policy when it denied Plaintiff's benefits.

VII.

Plaintiff entered into an insurance contract with Defendant, then when Plaintiff attempted

to make a claim with GOLDEN RULE INSURANCE COMPANY AND UNITED HEALTHCARE

INSURANCE COMPANY, his claim was denied by and through Defendant GOLDEN RULE

INSURANCE COMPANY AND UNITED HEALTHCARE INSURANCE COMPANY .

VIII.

The above facts give rise to the following causes of action:

1. **Breach of Contract**.  The conduct described above constitutes a breach
of the insurance policy. This Plaintiff has incurred a covered loss, which should have
been compensated by Defendant. Defendant  has failed to perform its obligations
under the contract, by failing to pay claims submitted.

2. **Texas Insurance Code, Chapter 542 Violations**.  Defendant failed to
timely provide all of its reasons for the rejection of Plaintiff's claim within the
applicable deadlines established by § 542.056, and failed to pay the claims within the
applicable deadlines established by § 542.057. Defendant further failed to request
additional information within the applicable deadlines established by § 542.055. All



of these violations entitle Plaintiff to his damages, eighteen (18%) percent interest per annum on his damages, and attorneys fees and expenses under § 542.060.

   3.   **Texas Insurance Code, Chapter 541 Violations**.  In the process of rescinding this policy, Defendant made untrue statements of material fact and misrepresented material facts. This conduct violates § 541.060 and § 541.061 of the Texas Insurance Code.  Defendant knowingly committed these acts.

   4.  **Unfair Claim Settlement Practices.**  Defendant's conduct described above violates Chapter 542.003 of the Texas Insurance Code.


## IX.

The conduct described in this petition was a producing and proximate cause of damage to

Plaintiff.


## X.

The damages sought by Plaintiff exceed the minimum jurisdictional limits of this Court.

## XI.

Pleading further, Plaintiff would show that he is entitled to declaratory relief, pursuant to

Chapter 37 of the Texas Civil Practices and Remedies Code.


## XII.

The evidence at trial will show that GOLDEN RULE INSURANCE COMPANY AND

UNITED HEALTHCARE INSURANCE COMPANY justified its recision of the policy by claiming

Plaintiff made a material misrepresentation on his application for insurance.  This was untrue.

## XIII.

The conduct of Defendant as described above, creates uncertainty, and insecurity with respect

COPY

to Plaintiff's rights, status, and other legal relations with Defendant.  Plaintiff, therefore, requests this Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code, and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare he made no material misrepresentation on his application for insurance.

## XIV.

Plaintiff prays that the Court award costs and reasonable and necessary attorneys fees which are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Chapters 541 and 542 of the Texas Insurance Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear herein, and that on final trial, Plaintiff recover his damages, including benefits under the policy, statutory additional damages, treble damages, and attorneys fees and costs incurred in prosecuting this suit, as well as prejudgment and post-judgment interest at the highest lawful rate, costs of court, and that this Court issue a judgment resolving the uncertainty and insecurity Defendant has created, and for such further general relief as warranted.

©COPY

Respectfully submitted,

BY: _____

JONATHAN C. JUHAN
SBN: 11047225
Attorney for Plaintiff
985 I-10 N Suite 100
Beaumont, Texas 77706
409/832-8877  TELEPHONE
409/924-8880  FACSIMILE

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

DEC 1 1 2009

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY

Plaintiff's Original Petition                    6                                      Page 6



**3**

C0185396—00002

CITATION .

# THE STATE OF TEXAS

## No.  B-0185396

### DAVID W MAYER
### VS. GOLDEN RULE INSURANCE COMPANY ET AL

## CITATION

## 60 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   GOLDEN RULE INSURANCE COMPANY
      BY SERVING ITS REGISTERED AGENT
      CT CORPORATION SYSTEM

by serving at:
350 N ST PAUL ST

DALLAS, TX   75201                                      DEFENDANT:

NOTICE:

      You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to: District-Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, or by bringing it to the office.  The case is presently pending before the 60 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 24th day of November, 2009.  It bears cause number B-0185396 and is styled:

                                                           Plaintiff:

      DAVID W MAYER

VS.

      GOLDEN RULE INSURANCE COMPANY ET AL

                                                           Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

      JUHAN, JONATHAN, Atty.
      985 I-10 NORTH SUITE 100
      BEAUMONT, TX  77706 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 1st day of December, 2009.

                   LOLITA RAMOS, DISTRICT CLERK
                   JEFFERSON COUNTY, TEXAS

                   *Casi Hernandez*

      BY                                      Deputy
      Casi

 CT Corporation

**Service of Process Transmittal**
12/03/2009
CT Log Number 515813120

**TO:**     Rebecca Thompson
            UnitedHealth Group Incorporated (111504190770700600)
            9900 Bren Road East, MN008-T700
            Minnetonka, MN 55343

**RE:**     **Process Served in Texas**

**FOR:**    Golden Rule Insurance Company (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David W. Mayer, Pltf. vs. Golden Rule Insurance Company and United Healthcare Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 60th Judicial District Court Jefferson County, TX Case # B0185396 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of contract, failure to honor its obligations pursuant to the terms of the Policy |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/03/2009 postmarked on 12/01/2009 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Jonathan Juhan 985 I-10 N. Suite 100 Beaumont, TX 77706 409-832-8877 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2009, Expected Purge Date: 01/02/2010 Image SOP Email Notification, Administrative Assistant legalmail@uhc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Beatrice Casarez |
| **ADDRESS:** | 350 North St Paul Street Suite 2900 Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# RETURN

Came to hand on _____1_____ day of _December_, _2009_

at __12:01__ o'clock __P__ M. and executed in _____

County, Texas, by delivering to each of the within named

_____

in person a true copy of this citation, with the date of delivery endorsed thereon and the

accompanying copy of _____ at the

following times and places, to wit:

| Name | DATE | | | TIME | | | Place, Course and |
|------|------|-----|------|------|-----|-----|---------------------------|
|      | Month | Day | Year | Hour | Min | M. | Distance from Courthouse |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |
|      |      |     |      |      |     |     |                           |

Service Fee $_____

_Valerie Brittain_  SC# 5819

~~Sheriff/Constable~~

_____, County, Texas

By: _____,Deputy



Authorized Process
604 Park Street
Beaumont, Texas 77701



**CERTIFIED MAIL**

7007 0220 0000 9524 3522

C T Corporation System
350 N Saint Paul St
Dallas TX 75201-4240

$5.71⁰
US POSTAGE
FIRST-CLASS
FROM 77701
DEC 01 2009
stamps.com

Jefferson County, Texas - 60th District Court                                    Page 2 of 2

# COURT DOCKETS

## NOTICE TO ALL COUNSEL REGARDING INTERNET DOCKET POSTING

### December, 2009 Docket

### January, 2010 Docket

---

## Hearing Dockets

### December 4, 2009

---

### Active Cases

### District Courts



4

NO. B185-396

DAVID W. MAYER,                          §       IN THE DISTRICT COURT
                                         §
            Plaintiff,                   §
                                         §
                                         §
v.                                       §
                                         §       JEFFERSON COUNTY, TEXAS
GOLDEN RULE INSURANCE                    §
COMPANY and UNITED HEALTHCARE            §
INSURANCE COMPANY,                       §
                                         §
            Defendants.                  §       60TH JUDICIAL DISTRICT

## DEFENDANTS' ANSWER

Defendants Golden Rule Life Insurance Company ("Golden Rule") and United HealthCare Insurance Company (collectively, the "Defendants") file their answer, and state:

1.      Subject to such admissions and stipulations as may be made at or before time of trial, Defendants deny generally and specially the material allegations in Plaintiff's Petition, pursuant to Tex. R. Civ. P. 92, and demand strict proof thereof in accordance with the requirements of the laws of this state.

2.      No benefits are payable under the subject insurance certificate inasmuch as the certificate is void and never came into force because, pursuant to Tex. Ins. Code §705.001, *et seq.*, material misrepresentations were made on the insurance application, not disclosed on the application or during the underwriting process, and relied on by Golden Rule in issuing the subject certificate.

3.      Defendants request the following relief:

        (a)     That Plaintiff take nothing by reason of his suit;

        (b)     That Defendants be dismissed with their costs; and

(c)    That Defendants have such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

By: _____

Andrew G. Jubinsky
State Bar No. 11043000
Raymond E. Walker
State Bar No. 24037663

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing document was served via certified mail, return receipt requested, to Jonathan Juhan, 985 I-10 N, Suite 100, Beaumont, Texas 77706 on the 15th day of December, 2009.

_____
Andrew G. Jubinsky

Defendants' Answer – Page 2