# FIGARI & DAVENPORT

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING LIMITED LIABILITY PARTNERSHIPS

3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
214-939-2000
FAX: 214-939-2090

Writer's Direct Dial Number
(214) 939-2009

Writer's E-Mail Address
andy.jubinsky@figdav.com

March 18, 2010

**CERTIFIED MAIL RRR**
**7004 1350 0004 3744 4952**
Jonathan C. Juhan
Attorney at Law
985 I-10 N
Suite 100
Beaumont, TX 77706

> Re:  C.A. No. 1:09-CV-1018; *David W. Mayer v. Golden Rule Insurance Company and United HealthCare Insurance Company*

Dear Mr. Juhan:

Enclosed please find the following documents:

1. Defendant Golden Rule Insurance Company's First Set of Interrogatories to Plaintiff; and

2. Defendants' First Request for Production of Documents to Plaintiff.

With best regards, I am

Very truly yours,

ORIGINAL SIGNED BY
ANDREW G. JUBINSKY

AGJ/dlp
Enc.

Andrew G. Jubinsky





**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

7004 1350 0004 3744 4952

|  | |
|---|---|
| Postage | $ 1.56 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

Sent To
Jonathan C. Juhan
Attorney at Law
985 I-10 N
Suite 100
Beaumont, TX 77706

PS Form 3800, June 2002        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jonathan C. Juhan
Attorney at Law
985 I-10 N
Suite 100
Beaumont, TX 77706

3-12-10

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7004 1350 0004 3744 4952

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



| | | |
|---|---|---|
| DAVID W. MAYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. 1:09-CV-1018 |
| GOLDEN RULE INSURANCE | § | |
| COMPANY and UNITED HEALTHCARE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT GOLDEN RULE INSURANCE COMPANY'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO:     Plaintiff, by and through his attorney of record, Jonathan C. Juhan, Attorney at Law, 985
I-10 N, Suite 100, Beaumont, Texas 77706.

Pursuant to Fed. R. Civ. P. 33, Defendant Golden Rule Insurance Company serves its

interrogatories on Plaintiff, who is instructed to answer the interrogatories separately and fully,

in writing, under oath, with such answers to be signed by him.  Further, the answers must be

served on the undersigned counsel on or before the 30th day following the service of the

interrogatories.

Respectfully submitted,

By: _____

       Andrew G. Jubinsky
       State Bar No. 11043000
       Raymond E. Walker
       State Bar No. 24037663

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    This is to certify that a true and exact copy of the foregoing document has been served via certified mail, return receipt requested, to Jonathan C. Juhan, Attorney at Law, 985 I-10 N, Suite 100, Beaumont, Texas 77706 on the 18th day of March, 2010.

_____
       Andrew G. Jubinsky

# I. DEFINITIONS

1.    <u>Plaintiff</u>, <u>You</u> and/or <u>Your</u> shall mean Plaintiff David W. Mayer.

2.    <u>Golden Rule</u> shall mean Defendant Golden Rule Insurance Company and its employees.

3.    <u>United Healthcare</u> shall mean Defendant United Healthcare Insurance Company and its employees.

4.    <u>Certificate</u> shall mean the subject certificate of insurance issued by Golden Rule to Plaintiff, Certificate No. 058-535-580.

5.    <u>Document</u> shall mean any letters, correspondence, telegrams, cables, telex messages, emails, electronic data, memoranda, records, financial statements, financial records, check stubs, canceled checks, minutes, contracts, memoranda of telephone or personal conversations or conferences, intraoffice communications, photographs, microfilm, microfiche, tape recordings, bulletins, studies, summaries, analyses, notices, computer runs, and any codes necessary to comprehend such runs, books, pamphlets, brochures, periodicals, charts, graphs, indexes, blueprints, diagrams, drawings, and any other written, printed, typed, recorded, or graphic matters of any nature whether produced or reproduced, including copies and drafts of such documents.

6.    <u>Communication</u> shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

<u>Defendant Golden Rule Insurance Company's First Set of Interrogatories to Plaintiff</u> – **Page 3**

7.      And as well as or shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatories all responses which might otherwise be construed to be outside the scope.

8.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural.

9.      The terms relate to, relating to, refer to, and referring to shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

10.     Identify or give the identity of means:

      a.      In the case of a natural person, to state such person's

          (1)     name; and

          (2)     last known home and business address and home and business telephone number.

      b.      In the case of an organization or corporation, to state:

          (1)     its name and address; and

          (2)     the identity of the person or persons having knowledge of the matters with respect to which such company, partnership, or association is named.

      c.      In the case of a document, to state:

          (1)     the identity of the person or persons preparing it and the sender;

          (2)     its title or a description of the general nature of the subject matter;

          (3)     the identity of the addressee(s), if any; and

          (4)     its date or dates of preparation.

    d.    In the case of a communication in the form of an <u>oral statement</u>, to state:

        (1)    the identity of the person making the oral statement;

        (2)    the date on which such oral statement was made;

        (3)    the identity of each person in whose presence or hearing such oral statement was made; and

        (4)    the substance of the oral statement.

11.    <u>Evidencing</u> or <u>evidences</u> shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

12.    <u>Fact</u> refers to all evidentiary facts presently known to You and all evidentiary facts the existence of which is presently inferred by You from the existence of any combination of evidentiary and/or ultimate facts.

13.    <u>Lawsuit</u> shall mean the litigation, the style and number of which is found in the caption to this instrument.

14.    <u>Petition</u> as used herein shall mean or refer to Your original petition on file in this Lawsuit, including any amendments and supplements thereto.

## II.  **INSTRUCTIONS**

A.     Designation of Business Records.

In the event an election is made to produce business records for examination and response pursuant to Fed. R. Civ. P. 33(d).

1.     Identify in Your answer each document or record upon which You relied in answering each interrogatory with sufficient particularity so that the documents relied upon are readily identifiable;

2.     Specify the time and location at which such records will be available for inspection and copying, or produce a copy of such documents with Your interrogatory answers; and

3.     Segregate, according to each of the interrogatories to which such an election is made, the specific records which are offered in response to each such interrogatory.

B.     Separate Answers.

A separate answer shall be furnished for each interrogatory or, if any interrogatory contains more than one part, separate answers shall be furnished for each subpart.

C.     Privilege.

With respect to each document, oral statement, or communication inquired about in any interrogatory that You withhold under a claim of privilege, You must: (1) state with specificity the claim of privilege or other reason used to withhold the document, statement, or communication from production, and (2) identify each document, statement, or communication by date, author, and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for a ruling on the privilege or other reason asserted.

Defendant Golden Rule Insurance Company's First Set of Interrogatories to Plaintiff – Page 6

D.    Data Stored on Software or Other Media.

In those instances where requested information is stored only on software or other data compilations, You should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

E.    Cessation of Document Destruction.

It is requested that all documents and/or other data compilations which might impact on the subject matter of the Lawsuit be preserved and that any process of document destruction involving such documents cease.

F.    Extensions of Time to Respond.

Any agreements for extensions of time in which to respond or object to the attached discovery must be in writing.

G.    Interrogatories Attached.

The Interrogatories are attached.  If the space supplied for Your answer is insufficient, continue Your answer on a separate sheet indicating to which interrogatory it relates and attach the sheet to Your answers.

## INTERROGATORIES

### INTERROGATORY NO. 1:

If You contend that You have been injured or damaged, describe the injuries and damages.

### ANSWER:

### INTERROGATORY NO. 2:

If You are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money You seek and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that You seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

### ANSWER:

### INTERROGATORY NO. 3:

With respect to each Texas Insurance Code violation alleged by You, as alleged in Your Petition, for which You seek to recover damages in this action, please provide the following information:

    (a)    identify the substance of the alleged misrepresentation or violation;

    (b)    identify the document, source, or person who made or committed the alleged misrepresentation or violation;

    (c)    state when the alleged misrepresentation or violation was made; and

    (d)    state why You believe the alleged misrepresentation or violation is actionable.

### ANSWER:

**INTERROGATORY NO. 4:**

Identify each oral communication between You and Golden Rule and/or United Healthcare relating to the Certificate or this Lawsuit and include the following information in each answer:

      (a)     date of communication;

      (b)     parties to the communication; and

      (c)     substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify each life, health, accident, hospital, disability, or medical  insurance policy applied for, or in force, since September 1, 2003, including the date of application, identity of the insurer and agent, policy number (if a policy were issued), and whether coverage was issued.

**ANSWER:**

| Date of App. | Insurer | Agent | Policy No. | Coverage Issued (Yes/No) |
|---|---|---|---|---|
| | | | | |

**INTERROGATORY NO. 6:**

With respect to medical treatment, advice, or services received by You since 2003 for abdominal pain, epigastic pain, elevated liver enzymes, chest pain, nausea, shortness of breath, shoulder pain, neck pain, alcohol use, vomiting blood, prostrate enlargement, elevated lipids, and back pain, state, in chronological order, by dates of treatment (1) the identity of each physician or medical provider, (2) the reason(s) for the treatment or services, (3) the treatment, services, and prescription(s) given, and (4) the diagnosis given.

**ANSWER:**

**INTERROGATORY NO. 7**:

Identify each physician, hospital, or medical provider who provided You with medical treatment, advice, consultation or diagnosis since 2003.

**ANSWER**:

## VERIFICATION

THE STATE OF TEXAS      §
    §
COUNTY OF JEFFERSON      §

     BEFORE ME, the undersigned notary public, on this day personally appeared David W. Mayer, who, being by me duly sworn on his oath, deposed and said that he has read the above and foregoing answers to interrogatories; and that the facts contained therein are within his personal knowledge and are true and correct.

_____
David W. Mayer

     SUBSCRIBED AND SWORN TO BEFORE ME on the ___ day of April, 2010, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

My commission expires:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID W. MAYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. 1:09-CV-1018 |
| GOLDEN RULE INSURANCE | § | |
| COMPANY and UNITED HEALTHCARE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF

TO:   Plaintiff, by and through his attorney of record, Jonathan C. Juhan, Attorney at Law, 985 I-10 N, Suite 100, Beaumont, Texas 77706.

Pursuant to Fed. R. Civ. P. 34, Defendants request that Plaintiff produce a *copy* of those documents described in Exhibit "A" attached hereto.  The documents are to be produced in the offices of Figari & Davenport, L.L.P., 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202, (214) 939-2000, within 30 days after service hereof.  Defendants agree to pay for reasonable copying charges and reserves their right to inspect the *original* documents at a later date.

Respectfully submitted,


By: _____
        Andrew G. Jubinsky
        State Bar No. 11043000
        Raymond E. Walker
        State Bar No. 24037663

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing document has been served via certified mail, return receipt requested, to Jonathan C. Juhan, Attorney at Law, 985 I-10 N, Suite 100, Beaumont, Texas 77706 on the 18th day of March, 2010.


_____
Andrew G. Jubinsky

## I. DEFINITIONS

1.      Plaintiff, You and/or Your shall mean Plaintiff David W. Mayer.

2.      Golden Rule shall mean Defendant Golden Rule Insurance Company and its employees.

3.      United Healthcare shall mean Defendant United Healthcare Insurance Company and its employees.

4.      Certificate shall mean the subject certificate of insurance issued by Golden Rule to Plaintiff, Certificate No. 058-535-580.

5.      Document shall mean any letters, correspondence, telegrams, cables, telex messages, emails, electronic data, memoranda, records, financial statements, financial records, check stubs, canceled checks, minutes, contracts, memoranda of telephone or personal conversations or conferences, intraoffice communications, photographs, microfilm, microfiche, tape recordings, bulletins, studies, summaries, analyses, notices, computer runs, and any codes necessary to comprehend such runs, books, pamphlets, brochures, periodicals, charts, graphs, indexes, blueprints, diagrams, drawings, and any other written, printed, typed, recorded, or graphic matters of any nature whether produced or reproduced, including copies and drafts of such documents.

6.      Communication shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

7.      And as well as or shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the requests all responses which might otherwise be construed to be outside the scope.

8.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural.

9.      The terms relate to, relating to, refer to, and referring to shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

10.     Evidencing or evidences shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

11.     Fact refers to all evidentiary facts presently known to You and all evidentiary facts the existence of which is presently inferred by You from the existence of any combination of evidentiary and/or ultimate facts.

12.     Lawsuit shall mean the litigation, the style and number of which is found in the caption to this instrument.

13.     Petition as used herein shall mean or refer to Your original petition on file in this Lawsuit, including any amendments and supplements thereto.

## II.  INSTRUCTIONS

A.     Privilege.

You are instructed that, if any document is withheld under a claim of privilege or is not produced for whatever reason, You must (1) state with specificity the claim of privilege or other reason used to withhold the document from production, and (2) identify each document by date, author, and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for a ruling on the privilege or other reason asserted.

B.     Data Stored on Software or Other Media.

In those instances where requested information is stored only on software or other data compilations, You should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

C.     Cessation of Document Destruction.

It is requested that all documents and/or other data compilations which might impact on the subject matter of the Lawsuit be preserved and that any process of document destruction involving such documents cease.

D.     Extensions of Time to Respond.

Any agreements for extensions of time in which to respond or object to the attached discovery must be in writing.

E.     Requests for Production Attached.

The Requests for Production are attached. If the space supplied for Your answer is

Defendants' First Request for Production of Documents to Plaintiff – Page 5

insufficient, continue Your answer on a separate sheet indicating to which request it relates and attach the sheet to Your answers.

## EXHIBIT "A"

### III. DOCUMENTS TO BE PRODUCED

1.      All documents evidencing or relating to any written or oral communications between You, on one hand, and Golden Rule and/or United Healthcare, on the other.

2.      All documents evidencing or relating to any written or oral communications by and between You and any third parties (excluding Your attorneys) concerning the Lawsuit, its subject matter, or any of the facts, claims, causes of action, allegations, or contentions asserted in the Petition.

3.      All documents or tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by an expert or for an expert in anticipation of the expert's trial or deposition testimony.

4.      All documents or materials prepared by or given to any expert who may testify at the trial of the Lawsuit or whose opinions or reports form the basis for any opinion possessed by any expert in connection with the Lawsuit.

5.      All reports prepared by any expert witness in connection with the Lawsuit.

6.      The curriculum vitae of all persons that You intend to call as an expert to testify in the Lawsuit, including the curriculum vitae of each expert whose opinions or impressions have been or will be reviewed or relied upon by any testifying expert.

7.      All documents and correspondence between You, on one hand, and Golden Rule and/or United Healthcare, on the other.

8.      All documents You provided to or received from Golden Rule and/or United Healthcare.

<u>Defendants' First Request for Production of Documents to Plaintiff</u> – **Page 7**

9.      All documents evidencing or relating to any statements (as defined by Fed. R. Civ. P. 26(b)(3)) made or taken by You or any other person concerning the Lawsuit, its subject matter, or any of the facts, claims, causes of action, allegations, or contentions asserted in the Petition.

10.     All documents evidencing or relating to any of the facts, claims, causes of action, allegations, or contentions set out in the Petition.

11.     Copies of all life, health, hospitalization, accident, and/or disability insurance policies, certificate booklets, and applications, insuring You for any period of time from September 1, 2003 to the present.

12.     All documents and explanations of benefits received from any other health, hospitalization, medical or accident insurance company that insured You since September 1, 2003.

13.     A copy of the insurance application submitted to Southwest Life (alleged health insurer prior to Golden Rule), as well as all documents and explanations of benefits received from Southwest Life since September 1, 2003.

14.     A copy of the Certificate.

15.     All diaries, logs, personal journals, or personal calendars, if any, of You for the years 2003 through the present that relate in any way to the facts, claims, causes of action, allegations, or contentions set out in the Petition, including any matters involving medical conditions, symptoms or treatment.

16.     All audiotapes, videotapes, or photographs relating in any way to any of the facts, claims, causes of action, allegations, or contentions set out in the Petition.

<u>**Defendants' First Request for Production of Documents to Plaintiff**</u> **– Page 8**

17.    Any statements, telephone recordings, or taped conferences which reflect conversations or communications with Golden Rule and/or United Healthcare.

18.    The fee agreement between You and Your attorneys.

19.    A signed Medical Authorization in the form and manner prescribed by Exhibit "1," attached hereto.

20.    All documents received by You from Golden Rule and/or United Healthcare during the solicitation, enrollment for, and marketing of the Certificate.

21.    All documents arising out of, relating to, or evidencing receipt of the Certificate by You.

22.    All of Your medical records in Your possession, custody, or control, dating back to 2003.

23.    All documents supporting Your contention that Golden Rule and/or United Healthcare breached a contract, as alleged in paragraph VII of the Petition.

24.    All documents supporting Your contention that Golden Rule and/or United Healthcare violated the Texas Insurance Code, as alleged in paragraph VII of the Petition.

25.    All documents evidencing or relating to any written or oral communications by and between You and Sydney Marchand, M.D. concerning the Lawsuit or any medical treatment or history of You.

26.    All documents evidencing or relating to any written or oral communications by and between You and Albert Ong, M.D. concerning the Lawsuit or any medical treatment or history of You.

27.     All documents evidencing or relating to any written or oral communications by and between You and Lakshmanan Ramaswamy, M.D. concerning the Lawsuit or any medical treatment or history of You.

28.     All documents evidencing or relating to any written or oral communications by and between You and Christus St. Elizabeth Hospital. concerning the Lawsuit or any medical treatment or history of You.

### EXHIBIT "1"

## AUTHORIZATION FOR RELEASE OF INFORMATION

TO: _____

     I, David W. Mayer, hereby authorize you to release any and all documents, records, notes, correspondence, or information regarding me, my health (including, but not limited to, laboratory reports, x-rays, raw data, and other diagnostic tests relating to his physical, medical, psychiatric, or psychological history, condition, or treatment), and my financial, or credit status, earnings, or insurance, without regard to their original source, to Figari & Davenport, LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202, or any agent employed by it, for use in litigation in case no. C.A. No. 1:09-CV-1018, *David W. Mayer v. Golden Rule Insurance Company and United Healthcare Insurance Company*, pending in the United States District Court for the Eastern District of Texas, Beaumont Division.

     I understand that I have a right to revoke this Authorization in writing at any time by sending written notice of revocation to you, or any other individual or entity; that written revocation is effective except to the extent that disclosure has already occurred prior to receipt of the revocation; that the records or information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by federal or state law; that information received from another physician or other health care provider involved in my care or treatment may be re-disclosed pursuant to this Authorization; that the information could contain reference to or results of psychiatric evaluation and HIV Antibody (AIDS) testing; and that I or a representative authorized by me may, upon request, receive a copy of this Authorization and all records and information released pursuant to this Authorization.

     This Authorization is intended to permit the release or information otherwise protected by federal or state law.  You are hereby released from legal responsibility or liability for the release of the information to the extent indicated and authorized herein.

     This Authorization is valid until final disposition of the above-entitled litigation.  A copy of this Authorization is as valid as the original

_____
David W. Mayer

     SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of April, 2010 to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Texas

My commission expires:

**Defendants' First Request for Production of Documents to Plaintiff – Page 11**