IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DAVID W. MAYER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | C.A. NO. 1:09-CV-1018 |
| GOLDEN RULE INSURANCE § | |
| COMPANY and UNITED HEALTHCARE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO AMEND ANSWER

Defendants file their unopposed motion for leave to amend answer, and state:

### I. CERTIFICATE OF CONFERENCE

On August 26, 2010, counsel for Defendants conferred with counsel for Plaintiff regarding the filing of this motion. This motion is unopposed.

### II. OPERATIVE FACTS

**A.  Nature of the Action**

This is a suit by Plaintiff to recover health insurance benefits. Plaintiff filed this action in state court, and Defendants filed a general denial in state court prior to removing the case to federal court. Defendants seek to amend their answer to plead in conformity with the Federal Rules of Civil Procedure and to assert their affirmative defenses. Plaintiff does not oppose this motion.

**Defendants' Unopposed Motion for Leave to Amend Answer – Page 1**

## III.  GROUNDS FOR AMENDMENT

### A.  Proposed Amended Answer

The proposed amended answer is attached hereto as Exhibit "A" and is incorporated herein by reference.  The filing of this motion is not made for purposes of delay but rather that justice may be done.  This is the first motion for leave to amend filed by Defendants in this action.  This motion is timely filed on or before the amendment deadline established by the Court.

## IV.  IV.  ARGUMENT AND AUTHORITIES

### A.  Applicable Legal Principles

The Fifth Circuit has set forth the applicable legal principles regarding amending pleadings:

> Under Fed. R. Civ. P. 15(a), permission to amend "shall be freely given when justice so requires."  Although our review is limited to determining whether the trial court's decision is an abuse of discretion, the policy of liberal amendment directs that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  (Citation omitted).  The most common factors justifying such a denial are undue delay, bad faith, repeated failure to amend, and unfair prejudice to the opposing party.  (Citations omitted).

*Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir. 1983); *see also, Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 210 (5th Cir. 1986) (the district court may deny leave to amend only if it finds a substantial reason such as dilatory purpose or unfair prejudice to the opposing party); *In re Jefferey Bigelow Design Group*, 956 F.2d 479, 482 (4th Cir. 1992) (a motion to amend should be denied only where the motion has been

unduly delayed and where allowing the amendment would unduly prejudice the non-movants).

It is entirely appropriate to allow a party to amend its theories to conform to the evidence, particularly where the evidence is under the control of another party. *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991); *see also Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 559 (E.D.N.Y. 1976) (amendments should be permitted when they do not require new and extensive preparation prejudicial to the defendant). In *Granus v. North American Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir. 1987), for example, the Sixth Circuit held that the district court did not abuse its discretion in granting leave to amend an answer at the pretrial conference. In *Guthrie, supra*, the district court did not abuse its discretion in permitting the defendant to amend its answer eleven days before trial. Here, after being compelled to respond to Defendants' discovery requests [Doc. 11], Plaintiff served discovery responses on August 23, 2010. This case is set for trial in February 2011, and the amendment deadline is August 30, 2010.

### B.  No Undue Delay or Unfair Prejudice

Defendants did not unduly delay in moving to amend their answer, and permitting Defendants to amend does not prejudice the Plaintiff. This is the first motion to amend filed by Defendants in this case, and the discovery deadline does not expire until November 1, 2010. Plaintiff has taken no depositions to date or served any discovery requests. This motion for leave has been timely filed.

## V. **PRAYER**

Defendants respectfully request that the Court grant their unopposed motion for leave to amend answer.

> By: /s/ Andrew G. Jubinsky
>     Andrew G. Jubinsky
>     State Bar No. 11043000
>     Raymond E. Walker
>     State Bar No. 24037663
>
> FIGARI & DAVENPORT, L.L.P.
> 3400 Bank of America Plaza
> 901 Main Street
> Dallas, Texas 75202
> (214) 939-2000
> (214) 939-2090 (FAX)
>
> ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all other will be served via certified mail, return receipt requested on the 30th day of August, 2010.

> /s/ Andrew G. Jubinsky
> Andrew G. Jubinsky